IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MAXUM INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-00467-SRB |
| | ) | |
| R.K. SHOWS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANTS
## R.K. SHOWS, INC. AND R.K. SHOWS MO, INC.

Defendants R.K. Shows, Inc. and R.K. Shows MO, Inc. (collectively, the "Insureds") respond to the allegations of the Complaint for Declaratory Judgment (the "Complaint") filed by plaintiff Maxum Indemnity Company ("plaintiff", "Maxum" or the "Insurer") on May 20, 2016 (Doc. 1) as follows:

1. It is admitted that Maxum has issued numerous liability insurance policies to the Insureds and that this action is brought pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure regarding Maxum's obligation and duty to defend and indemnify the Insureds concerning a lawsuit filed by defendants William J. LaManno, Gian LaManno and Alissa LaManno ("LaMannos") against the Insureds and others in the Circuit Court of Jackson County, Missouri, Case No. 1616-CV-08764 (the "State Court Lawsuit"). The remaining allegations of paragraph 1 of the Complaint – if any – are denied.

2. It is admitted that Maxum has denied and breached its obligation and duty to defend and indemnify the Insureds in the State Court Lawsuit. The remaining allegations of paragraph 2 of the Complaint – if any – are denied.

3. The allegations of paragraph 3 of the Complaint involve a legal conclusion to which no response is required.

4. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore deny same.

5. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore deny same.

## PARTIES

6. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and therefore deny same.

7. The allegations of paragraph 7 of the Complaint are admitted.

8. The allegations of paragraph 8 of the Complaint are admitted.

9. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and therefore deny same.

10. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and therefore deny same.

11. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and therefore deny same.

## FACTUAL ALLEGATIONS
### The Underlying LaManno Lawsuit

12. The allegations of paragraph 12 of the Complaint are admitted.

13. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint and therefore deny same.

14. It is admitted that the Insureds were named as defendants in the State Court Lawsuit and that LaMannos have made certain allegations regarding the relationship between the

defendants in the State Court Lawsuit, including the Insureds. The remaining allegations of paragraph 14 of the Complaint – if any – are denied.

15. It is admitted that the State Court Lawsuit alleges that John Mark Reidle ("Reidle") and F. Glenn Cross, Jr., a/k/a F. Glenn Miller ("Miller") attended a gun show in Springfield, Missouri on or about October 29, 2013 at which a Stevens 12-gauge shotgun was purchased by Reidle from Friendly Firearms, LLC ("Friendly") as a straw purchaser. The remaining allegations of paragraph 15 of the Complaint – if any – are denied.

16. It is admitted that the State Court Lawsuit claims that Friendly and its employees were agents of the Insureds. The remaining allegations of paragraph 16 of the Complaint – if any – are denied.

17. The allegations of paragraph 17 of the Complaint are admitted.

18. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore deny same.

19. It is admitted that the State Court Lawsuit claims that Miller was a convicted felon not lawfully entitled to purchase or possess a firearm and that the Insureds knew, had reason to know or recklessly failed to know certain matters relating to Miller and Reidle. The remaining allegations of paragraph 19 of the Complaint – if any – are denied.

20. The allegations of paragraph 20 of the Complaint are admitted.

21. The allegations of paragraph 21 of the Complaint are admitted.

22. The allegations of paragraph 22 of the Complaint are admitted.

23. The allegations of paragraph 23 of the Complaint are admitted.

24. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore deny same.

## The Maxum Policies

25. The allegations of paragraph 25 of the Complaint are admitted.

26. It is admitted that copies of policy nos. BDG 0037874 and BDG 0078315-1 issued by Maxum to R.K. Shows, Inc. are included in the attachments to the Complaint. The remaining allegations of paragraph 26 of the Complaint – if any – are denied.

27. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint and therefore deny same.

28. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint and therefore deny same.

29. It is admitted that copies of policy nos. BDG 0061187091 and BDG 0078305-1 issued by Maxum to R.K. Shows MO, Inc. are included in the attachments to the Complaint. The remaining allegations of paragraph 29 of the Complaint – if any – are denied.

30. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint and therefore deny same.

31. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and therefore deny same.

32. The allegations of paragraph 32 of the Complaint are admitted.

33. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint and therefore deny same.

34. The allegations of paragraph 34 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

35. The Insureds lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint and therefore deny same.

36. The allegations of paragraph 36 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

37. The allegations of paragraph 37 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

38. It is admitted that the State Court Lawsuit alleges that Terry LaManno was killed by Miller in April 2014 with a firearm purchased by Reidle from Friendly in October 2013 at a gun show in Springfield, Missouri. The remaining allegations of paragraph 38 of the Complaint – if any – are denied.

39. It is admitted that the State Court Lawsuit alleges that Terry LaManno was killed by Miller in April 2014 with a firearm purchased by Reidle from Friendly in October 2013 at a gun show in Springfield, Missouri. The remaining allegations of paragraph 39 of the Complaint – if any – are denied.

40. The allegations of paragraph 40 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

41. The allegations of paragraph 41 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

42. The allegations of paragraph 42 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

43. The allegations of paragraph 43 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

44. The allegations of paragraph 44 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

45. It is admitted that the State Court Lawsuit alleges that a Stevens 12-gauge shotgun was purchased by Reidle from Friendly at gun show in Springfield, Missouri in October 2013. The remaining allegations of paragraph 45 of the Complaint – if any – are denied.

46. The allegations of paragraph 46 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

47. The allegations of paragraph 47 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

48. The allegations of paragraph 48 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

49. The allegations of paragraph 49 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

50. The allegations of paragraph 50 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

51. The allegations of paragraph 51 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

52. The allegations of paragraph 52 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

53. The allegations of paragraph 53 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

54. The allegations of paragraph 54 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

55. The allegations of paragraph 55 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

56. The allegations of paragraph 56 of the Complaint are denied to the extent they do not accurately set forth the provisions of the referenced documents.

### COUNT I – DECLARATORY JUDGMENT
### (R.K. Shows, Inc. – 2013-2014 Maxum Policies

57. In response to paragraph 57 of the Complaint, the Insureds incorporate their answers above to paragraphs 1-56.

58. The allegations of paragraph 58 of the Complaint are denied.

### COUNT II – DECLARATORY JUDGMENT
### (R.K. Shows, Inc. – 2014-2015 Maxum Policies

59. In response to paragraph 59 of the Complaint, the Insureds incorporate their answers above to paragraphs 1-58.

60. The allegations of paragraph 60 of the Complaint are denied.

### COUNT III – DECLARATORY JUDGMENT
### (R.K. Shows, MO Inc. – 2013-2014 Maxum Policies

61. In response to paragraph 61 of the Complaint, the Insureds incorporate their answers above to paragraphs 1-60.

62. The allegations of paragraph 62 of the Complaint are denied.

### COUNT IV – DECLARATORY JUDGMENT
### (R.K. Shows, MO Inc. – 2014-2015 Maxum Policies

63. In response to paragraph 63 of the Complaint, the Insureds incorporate their answers above to paragraphs 1-62.

64. The allegations of paragraph 64 of the Complaint are denied.

65. The Insureds further deny each and every allegation of the Complaint not expressly and specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim against the Insureds upon which relief may be granted.

2. Plaintiff has breached and continues to breach its obligation and duty to defend the Insureds and indemnify the Insured against the claims asserted in the State Court Lawsuit.

3. The Insureds reserve the right to allege and assert additional defenses after completion of discovery.

WHEREFORE, defendants R.K. Shows, Inc. and R.K. Shows MO, Inc. pray for a judgment in their favor and against plaintiff Maxum Indemnity Company on all counts and for an Order that plaintiff Maxum Indemnity Company has a duty to defend and indemnify defendants R.K. Shows, Inc. and R.K. Shows MO, Inc. in the lawsuit filed in the Circuit Court of Jackson County, Missouri by defendants William J. LaManno, Gian LaManno and Alissa LaManno; for the costs of this action; for their attorney's fees incurred herein; and for such further relief as the Court deems just.

**HORN AYLWARD & BANDY, LLC**

/s/ Robert M. Pitkin
Robert M. Pitkin            MO #37835
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri  64108
(816) 421-0700
Fax: 816/421-0899
rpitkin@hab-law.com

*Attorneys for Defendants R.K. Shows, Inc. and R.K. Shows MO, Inc.*

**CERTIFICATE OF SERVICE**

      Service of the foregoing was effected via electronic transmission through the Court's ECF filing system this 8th day of August, 2016 to all counsel of record and parties of interest participating in the CM/ECF system.

                                    /s/ Robert M. Pitkin
                                    *Attorney for Defendants R.K. Shows, Inc.*
                                      *and R.K. Shows MO, Inc.*