# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MAXUM INDEMNITY COMPANY | ) |
| | ) |
| Plaintiff, | )  Case No.: 4:16-cv-00467-SRB |
| | ) |
| v. | ) |
| | ) |
| R.K. SHOWS, INC., et al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM

NOW COMES Plaintiff/Counter-Defendant MAXUM INDEMNITY COMPANY ("Maxum") by and through its counsel, and for its Answer and Affirmative Defenses to the Counterclaim of Defendants R.K. SHOWS, INC. and R.K. SHOWS, MO INC., states as follows:

### *PARTIES, JURISDICTION AND VENUE*

1. Maxum admits, on information and belief, that R.K. Shows, Inc. ("R.K. Shows") is an Iowa corporation with its principal place of business in Manchester, Iowa. Maxum does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 1, and therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

2. Maxum admits, on information and belief, that R.K. Shows MO, Inc. ("R.K. MO") is a Missouri corporation with its principal place of business in Manchester, Iowa. Maxum does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2, and therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

3. Maxum admits that R.K. MO is a separate entity from R.K. Shows. Maxum does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 3 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

4. Maxum admits the allegations of paragraph 4.

5. Maxum admits that it is authorized to transact and does transact business in Missouri.

6. Maxum admits the allegations of paragraph 6.

7. Maxum admits that it filed its Complaint for Declaratory Judgment in the United States District Court for the Western District of Missouri and that this Court has jurisdiction over Maxum in this lawsuit. Maxum denies any remaining allegations of paragraph 7 that are not admitted herein.

8. Maxum admits the allegations of paragraph 8.

## *GENERAL ALLEGATIONS*

9. Maxum admits the allegations of paragraph 9.

10. Maxum admits the allegations of paragraph 10.

11. Maxum admits the allegations of paragraph 11.

12. Maxum admits that it issued separate, consecutive commercial general liability policies of insurance to R.K. Shows and R.K.MO, respectively, for the relevant policy periods of January 1, 2013, to January 1, 2014, and January 1, 2014, to January 1, 2015. Maxum also admits that it issued additional commercial liability policies to R.K. Shows and R.K. MO, respectively, prior to and after the 2013-2014 and 2014-2015 policy periods, which are not relevant to this coverage action.

13. Maxum admits that it issued separate commercial general liability policies to R.K. Shows and R.K. MO, respectively, for the policy period January 1, 2016, to January 1, 2017, that are not relevant to this coverage action.

14. Maxum admits that it attached policies BDG 0037874-04 and BDG 0078315-01, issued to R.K. Shows, Inc., and effective January 1, 2013, to January 1, 2014, and January 1, 2014, to January 1, 2015, respectively, to its Complaint for Declaratory Judgment as Exhibits B and C (collectively, the "R.K. Shows Policies"). Further answering, Maxum admits that it attached policy numbers BDG 0061187-01 and BDG 0078305-01, issued to R.K. Shows, MO Inc., and effective January 1, 2013, to January 1, 2014, and January 1, 2014, to January 1, 2015, respectively, to its Complaint for Declaratory Judgment as Exhibits D and E (collectively, the "R.K.MO Policies"). Unless otherwise specified, the R.K. Shows Policies and R.K.MO Policies will be collectively referred to as the "Maxum Policies."

15. Maxum admits the allegations of paragraph 15.

16. Maxum admits the allegations of paragraph 16.

17. Maxum admits the allegations of paragraph 17.

18. Maxum does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

19. Maxum admits that the 2013-2014 R.K.MO Policy's "Limitation - Special Events - Schedule" identifies a "Gun Show" Special Event in Springfield, Missouri, with dates "October 18-20, 2013" among other scheduled special events. Maxum denies that the 2014-2015 R.K.MO Policy listed a "Gun Show" or any other event in Springfield, Missouri on October 18-20, 2013. Further answering, Maxum denies that the Schedule of Special Events in the R.K.

3

Shows Policies identify or schedule any Special Event in Springfield, Missouri on October 19-20, 2013, or any other event at any Missouri location.

20. Maxum admits the allegations of paragraph 20.

21. Maxum does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

22. Maxum admits that it was notified of the underlying LaManno lawsuit in April 2016.

23. Maxum admits that it retained counsel to evaluate the coverage issues raised by the underlying LaManno lawsuit and the Maxum Policies.

24. Maxum admits that it retained counsel in Kansas City, Missouri, and that Maxum's Complaint for Declaratory Judgment was filed in this action on May 20, 2016.

25. Maxum does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

26. Maxum admits that it issued separate correspondence to R.K. Shows and R.K.MO, respectively, dated May 24, 2016, denying coverage for the underlying LaManno lawsuit pursuant to the terms and conditions of the Maxum Policies.

27. Maxum admits that copies of the two letters sent to R.K. Shows and R.K.MO, respectively, dated May 24, 2016, without the exhibits referenced in those letters, are attached to the Counterclaim as Exhibit A. Maxum denies that the letters attached as Exhibit A are complete copies of the correspondence issued to R.K. Shows and R.K.MO, respectively, as Exhibit A fails to include the attachments to Maxum's May 24, 2016, correspondence. Further answering, as

written instruments, the May 24, 2016, letters speak for themselves and any excerpts, characterizations, or summaries of their content may be selective, incomplete, and/or misleading. Maxum denies any allegations of paragraph 27 that are inconsistent with the May 24, 2016, letters issued by Maxum.

28. Maxum denies that the Maxum Policies issued to R.K. Shows and R.K.MO, respectively, provide coverage for the underlying LaManno lawsuit or obligate Maxum to defend or indemnify R.K. Shows or R.K.MO in connection therewith. The Maxum Policies, as written instruments, speak for themselves and any excerpts, characterizations, or summaries of their content may be selective, incomplete, and/or misleading. Maxum denies any allegations of paragraph 28 that are inconsistent with the Maxum Policies. Further answering, Maxum does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

29. Maxum does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule. Further answering, Maxum denies that the Maxum Policies issued to R.K. Shows and R.K.MO, respectively, provide coverage for the underlying LaManno lawsuit or obligate Maxum to defend or indemnify R.K. Shows or R.K.MO in connection therewith.

30. Maxum does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule. Further answering, Maxum denies that the Maxum Policies issued to R.K. Shows and R.K.MO,

respectively, provide coverage for the underlying LaManno lawsuit or obligate Maxum to defend or indemnify R.K. Shows or R.K.MO in connection therewith.

31. Maxum admits that it issued the Maxum Policies to R.K. Shows and R.K.MO, respectively, for the relevant policy periods of January 1, 2013, to January 1, 2014, and January 1, 2014, to January 1, 2015. Maxum also admits that it issued additional commercial liability policies to R.K. Shows and R.K. MO, respectively, prior to and after the 2013-2014 and 2014-2015 policy periods, which are not relevant to this coverage action. Further answering, Maxum does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 31 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

32. In addition to the Maxum Policies, Maxum admits that it issued separate commercial general liability policies to R.K. Shows and R.K. MO, respectively for the policy period January 1, 2016, to January 1, 2017, which are not relevant to this coverage action. Maxum admits that between October 2013 and May 2016 Maxum did not "cancel" the Maxum Policies issued to R.K. Shows or R.K.MO, respectively. Further answering, Maxum denies that the Maxum Policies issued to R.K. Shows and R.K.MO, respectively, provide coverage for the underlying LaManno lawsuit or obligate Maxum to defend or indemnify R.K. Shows or R.K.MO in connection therewith. Maxum does not have knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 32 and, therefore, can neither admit nor deny same, but demands strict proof thereof, which has the effect of a denial by operation of rule.

33. Maxum does not have knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 and, therefore, can neither admit nor deny

same, but demands strict proof thereof, which has the effect of a denial by operation of rule. Further answering, Maxum denies that the Maxum Policies issued to R.K. Shows and R.K.MO, respectively, provide coverage for the underlying LaManno lawsuit or obligate Maxum to defend or indemnify R.K. Shows or R.K.MO in connection therewith. The Maxum Policies, as written instruments, speak for themselves and any excerpts, characterizations, or summaries of their content may be selective, incomplete, and/or misleading. Maxum denies any allegations of paragraph 33 that are inconsistent with the Maxum Policies.

## *COUNT I - BREACH OF CONTRACT*

34. Maxum incorporates and restates its Answers to paragraph 1 through 33 of the Counterclaim into this Answer to paragraph 34.

35. Maxum denies the allegations of paragraph 35.

36. Maxum denies the allegations of paragraph 36.

37. Maxum admits there exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Maxum Policies. Maxum denies that the Maxum Policies issued to R.K. Shows and R.K.MO, respectively, provide coverage for the underlying LaManno lawsuit or obligate Maxum to defend or indemnify R.K. Shows or R.K.MO in connection therewith.

38. The allegations of paragraph 38 represent legal not factual assertions, and therefore, no response is required. To the extent that a response is required, Maxum denies the allegations of paragraph 38.

39. Maxum admits that a judicial declaration is necessary and appropriate at this time to ascertain Maxum's rights and duties with respect to defense and indemnity under the Maxum Policies for the underlying LaManno lawsuit. Maxum denies that the Maxum Policies issued to

7

R.K. Shows and R.K.MO, respectively, provide coverage for the underlying LaManno lawsuit or obligate Maxum to defend or indemnify R.K. Shows or R.K.MO in connection therewith. Further answering, Maxum denies that R.K. Shows or R.K.MO are entitled to any fees, costs, expenses, damages, or any other amounts or relief stated or requested in paragraph 39.

WHEREFORE, having fully answered Defendants/Counter-Plaintiffs, R.K. Shows, Inc. and R.K. Shows MO, Inc.'s Counterclaim to the Complaint for Declaratory Judgment, Plaintiff/Counter-Defendant MAXUM INDEMNITY COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Maxum Policies, together with the following relief:

    a. That this Court find and declare that Maxum has no duty to defend R.K. Shows, Inc. and/or R.K. Shows, MO Inc. under the subject Maxum Policies in the underlying LaManno lawsuit;

    b. That this Court find and declare that Maxum has no duty to indemnify R.K. Shows, Inc. and/or R.K. Shows, MO Inc. under the subject Maxum Policies in the underlying LaManno lawsuit; and

    c. That this Court grant such other and further relief as it deems just and equitable.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Maxum pleads the terms, conditions, exclusions, and limitations of the Maxum Policies issued to R.K. Shows, Inc. and R.K. Shows MO, Inc., respectively, by Maxum Indemnity Company. Maxum would show that the policies issued to R.K. Shows and R.K.MO,

respectively, by Maxum upon which this suit is predicated contain certain limitations and exclusions of coverage which are applicable to the loss in question and which therefore limit or exclude R.K. Shows and R.K.MO's entitlement to any recovery from Maxum, including but not limited to, satisfaction of the Maxum Policies' Insuring Agreement.

### Second Affirmative Defense

As a separate and distinct affirmative defense, "R.K. Shows, MO Inc.," is not identified as a "Named Insured," "insured," "additional insured," or on any other basis in the Maxum Policies issued to R.K. Shows. Accordingly, "R.K. Shows, MO Inc.," does not qualify as an insured and is not entitled to coverage for the LaManno lawsuit under the Maxum Policies issued to R.K. Shows.

### Third Affirmative Defense

As a separate and distinct affirmative defense, "R.K. Shows, Inc.," is not identified as a "Named Insured," "insured," "additional insured," or on any other basis in the Maxum Policies issued to R.K.MO. Accordingly, "R.K. Shows, Inc.," does not qualify as an insured and is not entitled to coverage for the LaManno lawsuit under the Maxum Policies issued to R.K. MO.

### Fourth Affirmative Defense

As a separate and distinct affirmative defense, the Maxum Policies only apply to "bodily injury" caused by an "occurrence" that occurs during the policy period. The LaManno lawsuit avers that Terry LaManno was assault and murdered on April 14, 2014, within the 2014-2015 Policy Period. There are no allegations of "bodily injury" that occurred during the 2013-2014 Policy Period. Accordingly, the allegations of the LaManno lawsuit fail to allege "bodily injury" that satisfies the Insuring Agreement of the 2013-2014 Maxum Policies, and therefore, there is no coverage afforded for this lawsuit under the 2013-2014 Maxum Policies.

9

**Fifth Affirmative Defense**

As a separate and distinct affirmative defense, the Maxum Policies contain an "Assault And/Or Battery Exclusion," which precludes coverage for any claim or "suit" for "bodily injury," resulting from or caused in whole or in part by assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation of R.K. Shows, R.K.MO, or any other insured, their employees, or any other person. Additionally, the "Assault And/Or Battery Exclusion" provides that no coverage or duty to defend is provided if the underlying operative facts constitute an assault and/or battery regardless of whether the claim alleges failure to provide adequate security in any way and/or negligent hiring, supervision and/or retention and/or any other negligent act by R.K. Shows or any other insured. Accordingly, the "Assault And/Or Battery Exclusion" bars coverage.

**Sixth Affirmative Defense**

As a separate and distinct affirmative defense, the Maxum Policies contain a "Designated Premises Endorsement," which provides that coverage under the Maxum Policies only applies to "bodily injury" arising out of the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises. The corresponding Schedules of the R.K. Shows Policies, however, do not identify any premises or locations in Missouri or Kansas, which are connected to the shooting death of Terry LaManno. Accordingly, the "Designated Premises Endorsement" bars coverage for R.K. Shows.

**Seventh Affirmative Defense**

As a separate and distinct affirmative defense, the Maxum Policies contain a "Classification Limitation Endorsement," which provides that coverage is limited only to those classification codes listed in the policy. With respect to R.K. Shows, there are no classification

codes in the R.K. Shows Policies with corresponding Missouri or Kansas locations. Accordingly, the "Classification Limitation Endorsement" bars coverage for R.K. Shows.

**Eighth Affirmative Defense**

As a separate and distinct affirmative defense, the Maxum Policies contain a "Limitation - Special Events Schedule" Endorsement, which precludes coverage for any claim or "suit" for "bodily injury," arising out of any special event, unless the special event is scheduled in the policy. With respect to R.K. Shows, the Schedule of Special Events in the Maxum Policies do not identify or schedule any Special Event in Springfield, Missouri, or any other Missouri location where the alleged gun show took place. With respect to R.K.MO, the alleged assault and murder of Terry LaManno in April 2014 did not arise out of a special event scheduled in the 2014-2015 Maxum Policy. Accordingly, the "Special Events Limitation" Endorsements in the Maxum Policies bar coverage.

**Ninth Affirmative Defense**

As a separate and distinct affirmative defense, the Maxum Policies contain an "Expected Or Intended Injury Exclusion," which precludes coverage for "bodily injury" expected or intended from the standpoint of the Insured. Accordingly, the "Expected Or Intended Injury Exclusion" bars coverage.

**Tenth Affirmative Defense**

As a separate and distinct affirmative defense, the Maxum Policies contain an "Exclusion - Punitive Or Exemplary Damages" Endorsement, which provides that the Maxum Policies do not apply to punitive or exemplary "damages" or treble or other multiple "damages" as may be allowed by statute or law in the underlying LaManno lawsuit. Accordingly, the "Exclusion - Punitive Or Exemplary Damages" Endorsement bars coverage for preclude coverage for any

costs, interest, costs of defense or "damages" attributable to punitive, exemplary or multiple damages.

### Eleventh Affirmative Defense

Defendants' claims against Maxum are barred by the doctrine of waiver.

### Twelfth Affirmative Defense

Defendants' claims against Maxum are barred by the doctrine of estoppel.

### Thirteenth Affirmative Defense

Defendants' claims against Maxum are barred by the doctrine of laches.

### Fourteenth Affirmative Defense

Maxum specifically reserves the right to file and present other affirmative defenses should additional information become available during the course of this litigation.

WHEREFORE, Plaintiff/Counter-Defendant, MAXUM INDEMNITY COMPANY, prays that upon final hearing hereof, Defendants R.K. Shows, Inc. and R.K. Shows MO, Inc., take nothing by reason of this Counterclaim, and that Maxum recover all costs, including attorney's fees and costs of the proceeding and other costs incurred in defending this matter, and for such other and further relief, both general and special, legal and equitable, to which Maxum Indemnity Company may be justly entitled.

Dated this 22nd day of August, 2016.

    Respectfully submitted,

    /s/ *Jason M. Taylor*
    _____
    Michael S. Knippen (pro hac vice)
    Jason M. Taylor (pro hac vice)

TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
303 W. Madison Street, Suite 1200
Chicago, Illinois 60603
Tel.: 312.332.3900
Fax.: 312.332.3908
mknippen@traublieberman.com
jtaylor@traublieberman.com

Douglas S. Beck, #49984
Sarah Lynn Baltzell, #60937
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, Missouri 64108
Tel.: 816.474.6550
Fax.: 816.421.5547
dbeck@shb.com
slynn@shb.com

*Counsel for Plaintiff Maxum Indemnity Company*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of August, 2016 , the foregoing ANSWER AND AFFIRMATIVE DEFENSES was filed with the CM/ECF system which will provide electronic notice of service to all counsel of record as set forth below.

Louis C. Accurso # 29827
Andrew H. McCue # 36145
THE ACCURSO LAW FIRM
4646 Roanoke Parkway
Kansas City, MO 64112
Tel: (816) 561 – 3900
Fax: ( 816) 561-2992
 laccurso@accursolaw.com
amccue@accursolaw.com

*Attorneys for Defendants LaManno*

and

Robert M. Patkin, #37835
HORN, AYLWARD & BANDY, LLP
2600 Grand Boulevard, Suite 1100
Kansas City , Missouri 64108
Tel: (816) 421-0700
Fax: 816/421-0899
rpitkin@hab-law.com

*Attorneys for Defendants R. K. Shows, Inc.
and R. K. Shows MO, Inc*

/s/ *Jason M. Taylor*