IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MAXUM INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16-CV-00467-JTM |
| | ) | |
| R.K. SHOWS, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE AND SUGGESTIONS IN OPPOSITION TO MAXUM'S MOTION FOR LEAVE TO FILE ITS FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND, ALTERNATIVELY, DEFENDANTS' MOTION TO STRIKE**

Defendants R.K. Shows, Inc. ("R.K. Shows") and R.K. Shows MO, Inc. ("R.K. MO") (collectively, the "Insureds") submit this response and suggestions in opposition to *Maxum's Motion for Leave to File Its First Amended Complaint for Declaratory Judgment* (the "Motion") filed by plaintiff Maxum Indemnity Company ("plaintiff" or "Maxum") on October 7, 2016 (Doc. 29). Because of its failure to comply with § 375.281, RSMo, Maxum is prohibited from filing any further pleadings in this action, which includes both the Motion and the proposed First Amended Complaint. For this same reason, the Court should also strike the Motion.

***NATURE OF THE CASE***

This is an insurance coverage dispute that was filed by Maxum without notice to the Insureds on May 20, 2016. The Insureds filed a Counterclaim on August 8, 2016 for the defense and indemnity of an underlying lawsuit pending in state court in Missouri, as well as attorney's fees incurred by the Insureds in having to defend themselves in the underlying lawsuit (Doc. 18), which has since been voluntarily dismissed against the Insureds. A mediation of the insurance coverage case is scheduled for October 19, 2016 with Bill Sanders, Jr.

## BACKGROUND

In April 2014, Teresa LaManno was shot and killed in Overland Park, Kansas by F. Glenn Cross, a/k/a F. Glenn Miller ("Miller"). In April 2016, the widow and children of Teresa LaManno ("LaMannos") filed a wrongful death action under § 537.080, RSMo, in state court in Missouri against the Insureds and others (the "Underlying Lawsuit"), claiming that the shotgun used by Miller to kill Teresa LaManno was purchased in October 2013 at a gun, knife and hunting supplies show promoted by R.K. MO that occurred in Springfield, Missouri. The Underlying Lawsuit included claims against both R.K. MO and R.K. Shows.

Upon receipt of the Underlying Lawsuit, the Insureds notified Maxum and requested a defense. Instead, Maxum hired outside counsel in Chicago to write a coverage opinion, after which this declaratory judgment action was filed on May 20, 2016 without notice to the Insureds. It was not until the next week – on May 24, 2016 – that Maxum notified the Insureds about the complete denial of coverage and Maxum's refusal to provide a defense of the Lawsuit. While this lack of notice and delay[1] put the Insureds in a difficult position with an upcoming Answer date looming, the Insureds were fortunately able to quickly secure local counsel in Missouri to enter an appearance in the Underlying Lawsuit and avoid a default.

At the Rule 26(f) conference in this action on September 13, 2016 and as confirmed in a follow-up letter on September 21, 2016, counsel for the Insureds raised the matter of Maxum's failure to comply with § 375.281. Maxum has not responded to the Insureds' query, but instead filed the Motion on October 7, 2016 without the Insureds' consent.

---

[1]/It appears that the delay in notifying the Insureds was due to Maxum hiring outside coverage counsel in Chicago, Illinois to author the declination letters that were sent to the Insureds on May 24, 2016 and the hiring of local counsel in Kansas City, Missouri to file this declaratory judgment action on May 20, 2016. Again, Maxum filed this declaratory judgment action *before* it even *communicated* its coverage decision to the Insureds.

In the meantime, the Insureds have confirmed that Maxum is a "surplus lines" carrier, which means it is not directly regulated by the Missouri Department of Insurance. It also does not appear that Maxum has deposited with the Clerk of the Court in this action cash or securities or filed good and sufficient sureties to be approved by the Court regarding the Insureds' Counterclaim against Maxum.

### *ARGUMENT AND AUTHORITIES*

Section § 375.281, RSMo, is Missouri's version of the "Unauthorized Insurers Process Act," a model act that was first promulgated in 1949 by the National Association of Insurance Commissioners. The Missouri law was enacted in 1951. Specifically, the statute provides:

> 375.281. Before any insurance company, association, or other insurer not incorporated or authorized under the laws of this state shall file or cause to be filed in any action, suit or other proceeding instituted against it any answer or other pleading, the insurance company, association, or other insurer aforesaid shall either:
>
> (1) Deposit with the clerk of the court in which the action, suit or proceeding is pending, cash or securities, or shall file with the clerk a bond with good and sufficient sureties to be approved by the court, in any amount to be fixed by the court sufficient to secure the payment of any final judgment which may be rendered against it in the action, together with costs thereof; provided, however, that the court may in its discretion make an order dispensing with the deposit or bond where the insurer makes a showing satisfactory to the court that it maintains in a state of the United States funds or securities, in trust or otherwise, sufficient and available to satisfy any final judgment which may be entered in the action, suit or proceedings; or
>
> (2) Shall procure a certificate of authority to transact the business of insurance in this state.

As the Court can see, Maxum's compliance with this portion of Missouri insurance law is *mandatory*. Specifically, an insurance company like Maxum here that is not "admitted" and licensed to do business in Missouri "shall" make certain financial showings before filing "any answer or other pleading." As confirmed by the Corporate Interest Disclosure Statement filed June 15, 2016 (Doc. 8), Maxum is not incorporated or admitted in Missouri as required by subsection (2) of the statute. In addition, Maxum has not satisfied the requirements of subsection (1) of the statute either. Thus, Maxum's filing of its Answer to defendants' Counterclaim on

3

August 22, 2016 (Doc. 21) and its filing of the Motion on October 7, 2016 (Doc. 29) are precluded by Maxum's failure to comply with § 375.281, RSMo

Missouri's Unauthorized Insurers Process Act applies equally in state and federal court, inasmuch as it is a matter of substantive insurance law (and is not merely an element of Missouri civil procedure). The Insureds provided legal authority on this very point to Maxum in their letter dated September 21, 2016. *See Akron Co. v. Fidelity General Ins. Co.,* 250 F. Supp. 201 (N.D. Ohio 1964). Moreover, the Rules Enabling Act, 28 U.S.C. § 2072, may not be construed to preclude enforcement of Missouri insurance regulations, such as the Unauthorized Insurers Process Act. *See* McCarran-Ferguson Act, 15 U.S.C. § 1012(b); *see generally United States v. Fabe*, 508 U.S. 491 (1993). Hence, as the *Akron* court held, Maxum is required to comply with § 375.281, RSMo, before filing "any . . . other pleading," which would include the Motion.

## CONCLUSION

Because Maxum has failed to comply with the statute (and has failed to cure this defect after being requested in writing to do so), defendants respectfully requests that this Court deny and strike Maxum's Motion to Amend.

Respectfully submitted,

**HORN AYLWARD & BANDY, LLC**

/s/ Robert M. Pitkin
Robert M. Pitkin    MO #37835
2600 Grand Boulevard, Suite 1100
Kansas City, Missouri 64108
(816) 421-0700
Fax: 816/421-0899
rpitkin@hab-law.com

*Attorneys for Defendants R.K. Shows, Inc.
and R.K. Shows MO, Inc.*

**CERTIFICATE OF SERVICE**

      Service of the foregoing was effected via electronic transmission through the Court's ECF filing system this 10th day of October, 2016 to all counsel of record and parties of interest participating in the CM/ECF system.

                      /s/ Robert M. Pitkin
                      *Attorney for Defendants R.K. Shows, Inc.*
                      *and R.K. Shows MO, Inc.*